HARDY, Judge.
This action was instituted by the plaintiff, William L. Vanderford, seeking personal injury and property damages resulting from a motor vehicle collision. The defendants as originally named were Hollis Benjamin,' Martin J. Moore, the latter’s insurer, Canal Insurance Company; Mercury Truck Lines, Inc. and its insurer, Great American Indemnity Company. Plaintiff’s claims against Benjamin and Moore were voluntarily dismissed as of non-suit. From judgment in favor of plaintiff and against Canal Insurance Company the latter has appealed. From judgment rejecting plaintiff’s demands against defendants, Mercury Truck Lines and Great American Indemnity Company, plaintiff has appealed.
The principal facts involved in a consideration of these appeals have been set *334 forth in the opinion and judgment of this court this day rendered in the companion and consolidated suit, 120 So.2d 325.
Inasmuch as the court in the above styled case found the negligence of Hollis Benjamin to be the sole and proximate cause of the accident and exonerated John A. Brown, driver of the truck allegedly owned by Mercury Truck Lines and insured by Great American Indemnity Company, from any actionable negligence in connection with the accident, it follows, for the reasons assigned in the opinion of this court in the said case, that the judgment in favor of Mercury Truck Lines and Great American Indemnity Company, rejecting plaintiff’s demands in the instant case, should be affirmed.
There remains for consideration the appeal of Canal Insurance Company involving, first, the issue of contributory negligence on the part of plaintiff Vanderford, and, second, the quantum of damages allowed.
The defense of contributory negligence is predicated upon the argument that the plaintiff, Vanderford, blinded by the lights of the Benjamin tractor, should have brought his Jeep vehicle within such control as to permit him to avoid or minimize the effects of a collision with the wreckage of the Brown trailer which was blocking his lane of travel on the highway.
Plaintiff testified that as he approached the site of the accident he was proceeding eastbound in the south lane of the highway at a speed of fifty-five to sixty miles per hour; that he observed the lights of a vehicle, later-determined to be the Benjamin tractor, which appeared to be moving in a westbound direction in its proper lane of travel; that he was not blinded by the lights, although he could not see the highway beyqnd them-. -It was established in the Brown case that the Benjamin tractor was not moving and that its position, well over on the northside of the highway, was some 140 feet, moré'or less,’ west of -the wreckage of the Brown trailer. Despite the fact that Vanderford could not see the highway beyond the location of the lights of the Benjamin truck, for the reasons which we set forth in our opinion in the companion suit, it cannot be considered that he was under any obligation to assume that his lane of travel was blocked by some unusual obstruction.
According to Benjamin’s testimony, immediately following the accident and when he had brought his truck to a stop, he perceived the approaching lights of the Van-derford Jeep and attempted to flag the vehicle in order that it might avoid the collision. Benjamin did not have time to find his flashlight, had no opportunity to set out flares, and his attempt to warn Vanderford was not noticed until the Jeep passed him at or about a point on the highway directly across from his tractor. At this instant Vanderford perceived the warning and observed the obstruction in the road, at which time he reacted to the danger and made full application of his brakes. Notwithstanding this effort he was unable to avoid colliding with the Moore, trailer and sustained personal injuries and damages to his vehicle which rendered it a total loss.
Under the above noted facts which were established beyond any possible question, we cannot find that Vanderford was guilty of any act of negligence, and it follows that he is entitled to recover judgment for whatever damages have been established.
There is no question as to the complete demolishment of the Vanderford vehicle . and the establishment of damages in this respect exceeding the amount of the proportioned liability fixed in the judgment.
The most serious issue presented by this appeal involves a consideration and review of the quantum of damages to which Van-derford "is entitled'-by reason of personal 'injuries. .
*335 Following the accident Vanderford consulted a physician, complaining of neck pains in the nature of a whiplash type of injury. This injury, although painful for a few weeks, was of a minor nature and plaintiff’s most serious claims rest upon his assertion of the later development of far more serious injuries. Some five months after the occurrence of the accident plaintiff began to suffer from shortness of breath and sharp shooting pains in the right chest, whereupon he consulted Dr. James D. Kelly of Monroe, a specialist in internal medicine. After taking chest X-rays Dr. Kelly hospitalized the plaintiff on May 29, 1958, where he continued examinations for the purpose of determining the cause of plaintiff’s condition. On May 30, Dr. Kelly called into consultation Dr. Jack T. Jackson, a specialist in the practice of surgery. An exploratory operation was performed by Dr. Jackson on June 5, 1958, in the course of which the removal of the sixth rib on the right side was necessitated. The operating surgeon found a substantial deposit of bloody fluid within the chest, a rind of scar tissue approximately one centimeter in thickness covering a portion of the lung surface. The resulting operation for the removal of the rind, denominated as a decortication, was then performed. Following the operation it was necessary to administer a number of blood transfusions to plaintiff. He was discharged from the hospital on June 13, 1959. On September 15, 1959, plaintiff was found to be suffering from a condition diagnosed by Dr. Kelly as hepatitis, which, in his opinion, was a condition known as “homologus serum jaundice”, attributable to the blood transfusions received on the occasion of his hospitalization and the operation performed in May.
As we have above noted, the whiplash injury was of a minimal degree and nature, and the question with which we are primarily concerned involves a factual determination as to whether the.lung condition was attributable to traumatic injury suffered in the accident. We think there is no ground for contention that the development of hepatitis was directly connected with the lung operation, and if the latter was necessitated by injury in the accident, it follows that the subsequent development of the liver ailment is also connected with plaintiff’s accidental injuries.
The medical evidence is sharply conflicting. On behalf of plaintiff, Dr. Kelly, the internist who treated plaintiff for a period of 'many months, and Dr. Jenkins, the surgeon who performed the lung operation, testified by deposition. It was the opinion of these experts that the lung injury resulted from a deposit of blood which had “organized”, that is, dried and formed a deposit or rind in the basal area of that organ. Although these witnesses, as is customary in the expressions of medical opinions, confine their conclusions to a highly probable connection of this condition with trauma received in the accident which is the basis of this suit, it is abundantly clear that no other reason could be assigned. There was no tubercular condition nor malignancy of any nature, and we think it would be entirely unreasonable to conclude that the condition was completely unrelated to the accident.
On behalf of defendants the testimony by deposition of Dr. Vreeland, a specialist in Radiology, and Dr. Ulrich, a specialist in internal medicine, was offered in evidence. It was the opinion of these experts that plaintiff’s lung condition had no relation to any traumatic injury suffered in the accident.
 As has been many times observed by our courts, the opinion of a treating physician who has been in close contact with his patient over a long period of. time, is deserving of greater weight than that of an equally qualified expert who has not had the benefit of close and frequent contact and examination. Nor do we think in the instant case that the testimony of the eminent radiologist on behalf of defendants is entitled to as much weight as the testimony of the operating surgeon, whose *336 evaluation was not limited to the findings disclosed by X-rays.
Without feeling the necessity for further detailed discussion, we are firmly convinced that the evidence substantially preponderates in support of the conclusion that plaintiff’s chest condition resulted from traumatic injuries received in the accident.
In our opinion the issue of quantum is not deserving of serious consideration. The disability, pain and suffering sustained by plaintiff were of such nature, degree and extent as would ordinarily entitle him to an award vastly exceeding the amount of the judgment rendered, which is limited to $5,000 by reason of the policy provisions.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.